Tammy Hussin, Esq. (Bar No. 155290)
Lemberg Law, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg Law, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Nanette Bailey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nanette Bailey,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GE Capital Retail Bank; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.:  3:14-cv-00338<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *ET. SEQ;*<br>**2. VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200,** *ET. SEQ.*<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Nanette Bailey, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), and violation of California's Business & Professions Code § 17200, *et. seq.*

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Nanette Bailey (hereafter "Plaintiff"), is an adult individual residing in Oakland, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant GE Capital Retail Bank ("GE"), is an Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by GE and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. GE at all times acted by and through one or more of the Agents.

## FACTS

8. Beginning in or around October 2013, GE called Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered the calls, GE used a prerecorded message delivering information about account balance and transaction details for a person by the name of Kim French (the "Debtor")

10. Plaintiff does not know the Debtor and is no way responsible for the Debt.

11. Plaintiff has no business relations with GE and never requested by an agreement or otherwise that she be contacted.

12. Plaintiff never provided her cellular telephone number to GE and never provided her consent to GE to be contacted on her cellular telephone.

13. When the calls began, Plaintiff advised GE that she was being called in error and directed GE to remove her number from the account and to cease all communications with her.

14. Thereafter, despite having been informed of the foregoing, GE continued to call Plaintiff at a repeated and harassing rate, sometimes several times a day for successive days in a row.

15. Plaintiff does not stand alone in her allegations against GE and there are many other consumers nationwide who complain of receiving similar unwanted automated calls from GE, and are equally harmed by repeated intrusions into their invasions of privacy.

16. Plaintiff's allegations stated herein are demonstrative of the volumes of consumer complaints nationwide regarding GE's unwanted automated calls after repeated requests to stop. GE engages in a systematic and repeated business practice of knowingly and/or willfully ignoring the prohibitions of the TCPA and continuing to place automated calls to persons after being requested not to call

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *ET SEQ.*

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Plaintiff never provided her cellular telephone number to GE and never provided her consent to be contacted on her cellular telephone.

19. Without Plaintiff's consent and over her objection, GE contacted the Plaintiff by using an automatic telephone dialing system and by using a prerecorded or artificial voice on her cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

20. GE continued to place automated calls to Plaintiff's cellular telephone after being advised it had the wrong number and knowing there was no consent to

continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by GE was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from GE to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. GE's telephone system has the capacity to store numbers in a random and sequential manner and uses the system to place the calls.

## COUNT II
## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *ET. SEQ.*

24. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. GE engaged in repeated instances of unlawful activity and unfair business practices as prohibited by Business and Professions Code sections 17200, *et seq*. ("hereinafter "UCL").

26. A business practice is "unlawful" if it violates an underlying state or federal statute or common law. GE is in violation of the UCL by violating the TCPA.

27. GE engaged in unfair business practices in violation of the UCL by repeatedly placing automated calls to Plaintiff multiple times a day, for weeks and months on end, causing Plaintiff to be deprived of her right to be free from unwanted invasions of privacy and causing injury to Plaintiff.

28. GE systematically violates the UCL by engaging in unfair business practices in placing automated calls to Plaintiff and to other consumers nationwide without their consent. GE ignores the prohibitions of the TCPA and consistently disregards the privacy rights of Plaintiff and other consumers, intruding on their rights to be free from unwanted intrusions, thereby injuring Plaintiff and other consumers alike.

29. In order to stop this widespread practice, GE should be enjoined from violating the TCPA and from continuing to call consumers after they either followed the automated prompt system or otherwise requested that the calls stop.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. As a result of each call made in negligent violation of the TCPA, Plaintiffs are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

B. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C));

C. Plaintiffs seek an Order from the Court pursuant to Business and Professions Code § 17203 and 1704, enjoining GE from violating the TCPA, so that consumers nationwide can be free from GE's unwanted and unlawful invasions;

D. Costs of litigation and reasonable attorney's fees pursuant to pursuant to Cal. Civ. Code § 1021.5 for violations of the UCL;

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 23, 2014                TAMMY HUSSIN

By: /s/ Tammy Hussin
Tammy Hussin, Esq.
Lemberg Law, LLC
Attorney for Plaintiff Nanette Bailey